This appeal arises out of a judgment rendered by the Mahoning County Court of Common Pleas overruling Appellant Donald Harman's motion for postconviction relief. For the following reasons, this Court overrules Appellant's assignments of error and affirms the lower court judgment.
On September 22, 1995, the Mahoning County Grand Jury indicted Appellant on two counts of aggravated trafficking in drugs in violation of R.C. §§ 2925.03 (A) (1) (C) (1) and (1) (C) (2) under case number 95 CR 666. Appellant also had other pending charges against him, including felonious assault under case number 94 CR 668, aggravated trafficking in drugs under case number 94 CR 823, and four other counts of aggravated trafficking in drugs under case number 94 CR 736.
Appellant was initially represented by Attorney Martin Emrich, who was practicing law part-time and was also a part time judge serving a county court. On September 29, 1995, Emrich filed a motion to withdraw as counsel. Attorney James Wise filed a notice of appearance on Appellant's behalf on the same date. The trial court permitted the withdrawal and substitution on that date by journal entry.
The court issued a judgment entry on October 3, 1995, Stating that Attorney Wise was retained by Appellant and that Appellant, in open court and represented by counsel, waived reading of and defect in time and manner of service of the indictment and entered a plea of guilty to the charges in case number 95 CR 666. Further, Appellant and Appellee entered into separate plea agreements for each of the other above-listed pending cases on that date. Contained within the language of these plea agreements signed by Appellant and his attorney were descriptions of the constitutional rights that Appellant was waiving by entering a plea, the charges to which Appellant was pleading in each particular case, a statement indicating that Appellant was satisfied with his legal representation and a statement that Appellant understood the agreement, the waiver of rights and the specific sentences that could be imposed. There was also a statement that Appellant had not been promised or threatened to plead and that he was at the mercy of the court with regard to imposition of sentences.
Also on October 3, 1995, the trial court filed a judgment entry indicating that on October 2, 1995, the judge personally advised Appellant of his constitutional rights and the effect of his guilty plea entered pursuant to Crim.R. 11 and that the court found that Appellant entered the pleas voluntarily, knowingly and intelligently.
On October 17, 1995, the court issued separate judgment entries regarding sentencing on the charges. All of the entries indicated that a hearing was held on October 2, 1995 and that Appellant, present with counsel, entered his guilty pleas and was given an opportunity to speak and present mitigating factors before sentencing. The court also indicated that it inquired as to whether Appellant had anything to say regarding why judgment should not be pronounced against him. The entries stated that R.C. § 2929 (regarding penalties and sentencing) and 2951 (regarding probation) were considered and that Appellant was sentenced as follows: an indefinite term of imprisonment with a minimum of five years and a maximum of fifteen years for felonious assault in case number 94 CR 668; an indefinite term of imprisonment with a minimum of three years and a maximum of fifteen years with three years actual incarceration on each of the four counts of aggravated drug trafficking in case number 94 CR 736; an indefinite term of imprisonment with a minimum of five years and a maximum of fifteen years under case number 94 CR 823; an indefinite term of imprisonment with a minimum of five years and a maximum term of fifteen years with actual incarceration of five years on each count under case number 95 CR 666 for the two aggravated drug trafficking counts. Appellant was also ordered to pay fines. Another pending charge was dismissed.
Appellant did not file a direct appeal of any of the above dispositions. On May 6, 1996, Appellant filed a postconviction relief petition regarding all of the above-referenced guilty pleas and sentences imposed. Appellant has also filed numerous other documents in the lower court since his initial postconviction relief petition and has filed a successive postconviction relief petition currently on appeal to this Court in State v. Harman, Mahoning App. No. 98 CA 34.
The instant decision addresses his initial petition for postconviction relief only. In his May 6, 1996 petition, Appellant argued ineffective assistance of counsel, defective indictment as to case number 95 CR 666, personal prejudice of the sentencing judge and his failure to address Appellant personally at the plea hearing and failure to receive that which was promised by the plea agreement. Appellant requested an evidentiary hearing on his petition.
On September 6, 1996, the sentencing judge recused himself from deciding the postconviction relief petition after Appellant alleged bias on his part. The matter was referred to Judge Gerchak, who overruled Appellant's postconviction relief motion without evidentiary hearing on September 18, 1996. In a thorough judgment entry, replete with findings of fact and conclusions of law, the court addressed each of Appellant's grounds for postconviction relief. On September 23, 1996, Appellant filed into the lower court a motion requesting "expert assistance" and a motion asking for an investigation into the allegations he set forth in his postconviction relief petition.
On October 1, 1996, Appellant filed a notice of appeal of the denial of his postconviction relief petition. On April 13, 1998, well after the lower court's ruling on his postconviction petition, Appellant filed a "motion for reconsideration" in the lower court based upon alleged new evidence in the matter. He attached various supporting documents to this motion. Appellant also filed voluminous motions and other documents in the lower court with regard to these cases. These subsequent filings will not be addressed herein as we are limited to the record before the trial court on the date of the initial postconviction filing, May 6, 1996. State v. Ismail (1978),54 Ohio St.2d 402.
Appellant has also filed a myriad of extraneous documents into this Court in addition to his notice of appeal and appellate brief, including a motion seeking recusal of this entire Court. On June 2, 1997, we issued an entry dismissing Appellant's motion for failure to follow the proper disqualification procedure. On July 28, 1997, the Ohio Supreme Court denied an affidavit of disqualification of the members of this Court filed by Appellant as unsupported.
We have issued a number of entries informing Appellant that this Court cannot consider new evidence, evidence which he repeatedly seeks to submit on appeal. In so doing, we have repeatedly explained that our review is limited to the record before the trial court at the time of its decision, citingIsmail, 54 Ohio St.2d 402. Lastly, on August 6, 1998, this Court dismissed Appellant's petition in mandamus seeking to correct the sentences imposed upon him on October 2, 1995.State ex rel Harman v. Durkin (Aug. 6, 1998), Mahoning App. No. 98 CA 32, unreported.
We now reach Appellant's assignments of error challenging the trial court's decision to overrule his initial postconviction relief petition. In his first assignment of error, Appellant states:
 "TRIAL COURT COMMITTED REVERSIBLE ERROR FOR NOT HOLDING ANY TYPE OF EVIDENTIARY HEARING."
Appellant asserts that Ohio law mandates that a court hold an evidentiary hearing on a motion for postconviction relief when the facts and records "do not dispute the allegations contained in the petition to vacate." (Appellant's Br. p. 1). Appellant contends that a hearing was required in his case because trial court Judge Limbert abused his discretion in recusing himself and allowing Judge Gerchak to review and deny Appellant's initial postconviction petition for relief. Appellant also states that the grounds asserted in his postconviction relief petition warranted a hearing, including the fact that Emrich represented him while concurrently serving as a part-time judge and while representing several members of a so-called "Mahoning County Task Force." Appellant argues that this was sufficient per se to warrant an evidentiary hearing. Appellant also asserts that Emrich convinced him to plead guilty because of a deal with the prosecutor, but that after he entered his pleas, he discovered that no deal existed. Appellant contends that in these types of situations, State v. Milanovich (1975), 42 Ohio St.2d 46
mandates an evidentiary hearing.
In order to determine Appellant's first assignment of error, we must review his following four assignments of error, assignments based on the grounds asserted in his first petition for postconviction relief. These assignments are as follows:
 "II. APPELLANT WAS DENIED SIXTH AMENDMENT RIGHT TO COUNSEL."
 "III.APPELLANT'S INDICTMENT ON 95-CR-66 IS VOID IN ACCORDANCE WITH OHIO LAW."
 "IV. TRIAL JUDGE WAS PERSONALLY PREJUDICED TOWARDS THE APPELLANT PRIOR TO HIS SENTENCING AND FAILED TO COMPLY WITH CRIM.R. 11."
 "V. APPELLANT'S PLEA AGREEMENT WASN'T KEPT AS PROMISED BY DEFENSE COUNSEL."
This Court reviews the trial court's denial of a petitioner's motion for postconviction relief without a hearing under an abuse of discretion standard. State v. Smith (Dec. 11, 1997), Jefferson App. No. 96-JE-44, unreported at *2, citing generally, State ex rel. Richard v. Seidner (1996), 76 Ohio St.3d 149. An abuse of discretion constitutes more than an error of law or judgment as, "it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore V. Blakemore (1983), 5 Ohio St.3d 217, 219.
Despite Appellant's assertions to the contrary, an evidentiary hearing is not automatically required on every petition for postconviction relief and R.C. § 2953.21 does not expressly require a hearing on every petition. State v. Jackson
(1980), 64 Ohio St.2d 107, 110. Before a court grants an evidentiary hearing on a petition for post-conviction relief, "the court shall determine whether there are substantive grounds for relief." R.C. 2953.21 (C). "Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues * * *." R.C. 2953.21(E). In State v. Jackson,5 Ohio St.2d at 111, the Ohio Supreme Court held that "[b]efore a hearing is granted, the petitioner bears the initial burden in a post-conviction proceeding to submit evidentiary documents containing sufficient operative facts to demonstrate * * *" the grounds of his postconviction relief petition.
In its September 18, 1996 judgment entry overruling Appellant's petition, the trial court stated that Appellant did not provide the court with supporting documentation or transcripts of the plea or sentencing hearings to evidence sufficient operative facts which would demonstrate substantive grounds for relief. We agree and find that the trial court did not abuse its discretion in overruling the postconviction relief petition.
With his initial petition, Appellant attached only a handwritten list of names of individuals he felt were somehow relevant to his case and a newspaper article discussing another charge pending against him where a former judge commented that a potential conflict could exist should Emrich represent Appellant. No affidavits or other evidentiary materials were submitted. Appellant also failed to file a transcript of the plea or sentencing hearing of which he complained and failed to provide any evidence beyond mere allegation regarding those matters allegedly occurring dehors the record. Therefore, the trial court had no substantiation of Appellant's claims beyond these mere allegations. This is insufficient to warrant an evidentiary hearing and the trial court correctly overruled the request for a hearing.
Although Appellant has attempted to correct the lack of documentation submitted before the trial court by supplementing his appellate brief and filing numerous documents into this Court which were not before the trial court, we cannot consider these materials. We are bound by the briefs and record submitted to the trial court at the time it made its decision.Ismail, 54 Ohio St.2d 402. Nor can we consider a transcript of the plea and sentencing hearing filed into this Court because this transcript was never submitted to the trial court. Id.
Additionally, although it addressed all of Appellant's grounds for seeking postconviction relief, the trial court correctly found that the issues raised by Appellant in his petition were barred by the doctrine of res judicata. Postconviction relief is a narrow remedy because res judicata serves to bar any claim that was or could have been raised in the trial court or on direct appeal. State v. Steffen (1994),70 Ohio St.3d 399, citing State v. Duling (1970), 21 Ohio St.2d 13; State v. Perry (1967), 10 Ohio St.2d 175. To survive preclusion by res judicata, a petitioner must produce new evidence that would render the judgment void or voidable and he must also show that he could not have appealed the claim based upon information contained in the original record. State v.Moore (1994), 99 Ohio App.3d 748. In State v. Perry (1967),10 Ohio St.2d 175, 180, the Ohio Supreme Court held:
 "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."
See also, State v. Reynolds (1997), 79 Ohio St.3d 158, 161, citing Duling, 21 Ohio St.2d 13. This Court has applied res judicata to bar petitions for postconviction relief under such circumstances. See State v. Short (Aug. 26, 1998), Columbiana App. No. 96 CO 62, unreported; State v. Bellish (Sept. 9, 1997), Mahoning App. No. 94 CA 157, unreported.
In the instant case, Appellant could have raised the matters contained within his petition in a motion to withdraw his guilty pleas or on direct appeal after sentencing. He did not. Further, Appellant failed to provide any explanation as to why he did not directly appeal or the reasons preventing him from doing so.
For the foregoing reasons, this Court affirms the trial court judgment overruling Appellant's postconviction petition for relief.
Cox, P.J., concurs.
Vukovich, J., concurs.
APPROVED:
 ____________________________________ CHERYL L. WAITE, JUDGE