THE STATE OF OHIO, APPELLEE, *v.* PRUETT, APPELLANT.

(No. 41163—Decided June 11, 1969.)

*Mr. Robert D. Webb,* prosecuting attorney, and *Mr. Walter E. Thayer,* for appellee.

*Messrs. Nazor & Nazor* and *Mr. Gordon L. Nazor,* for appellant.

TAFT, C. J. In the opinion by Mr. Justice Stewart in *Witherspoon* v. *Illinois, supra* (391 U. S. 510), it is stated that that case did not "involve the state's assertion of a right to exclude from the jury in a capital case those who say that they could never vote to impose the death penalty or that they would refuse even to consider its imposition in the case before them."

That opinion further states:

"If the state had exluded only those prospective jurors who stated in advance of trial that they would not even consider returning a verdict of death, it could argue that

the resulting jury was simply 'neutral' with respect to penalty.''

Also, it is stated in footnote 21 to that opinion:

''We repeat, however, that nothing we say today bears upon the power of a state to execute a defendant sentenced to death by a jury from which the only veniremen who were in fact excluded for cause were those who made unmistakably clear (1) that they would *automatically* vote against the imposition of capital punishment without regard to any evidence that might be developed at the trial of the case before them * * *.''

Unlike the Illinois statute, our statute does not authorize a challenge for cause of anyone merely because he says he ''has conscientious scruples against capital punishment, or that he is opposed to the same.'' Our statute has, since at least 1869 (66 Ohio Laws 287, 307), apparently agreed with the conclusion stated in the opinion in *Witherspoon,* and thus has authorized challenging a juror for cause only where such a juror had opinions which precluded him from voting for a verdict that would result in the death penalty.

Thus, Section 2945.25, Revised Code, reads, so far as pertinent:

''A person called as a juror on an indictment may be challenged for the following causes:

''* * *

''(B) That he has formed or expressed an opinion as to the guilt or innocence of the accused; but if the juror has formed or expressed such an opinion, the court shall examine such juror on oath, as to the grounds thereof, and if such juror says that he can render an impartial verdict notwithstanding such opinion, and the court is satisfied that such juror will render an impartial verdict on the evidence, the court may admit him as competent to serve as a juror in such cause;

''(C) In the trial of a capital offense, that his opinions preclude him from finding the accused guilty of an offense punishable with death.''

In our opinion, *Witherspoon* and *Boulden* v. *Holman*

(1969),    U. S.   , 22 L. Ed. 2d 433, recognize that a state statute may authorize challenge of a prospective juror for cause in a capital case where his opinions preclude him from finding the accused guilty of an offense punishable with death.

We recognize that, even if such a statute is followed, the record in a case might indicate selection of a jury composed only of those not opposed to the death penalty. There is no contention that the record in the instant case does indicate selection of such a jury.

The record does indicate that, of 43 jurors examined at length, 17 were excused pursuant to a challenge for cause as authorized by Section 2945.25(C), Revised Code.

The accused makes no complaint with respect to 14 of those so excused, apparently conceding, as the record discloses, that in each instance the prospective juror's opinions precluded him from bringing in a verdict of guilty without a recommendation of mercy.

The accused now complains only with respect to the sustaining of three challenges for cause. The most that can be said on behalf of the accused with respect to any one of these three prospective jurors is that some of the answers were evasive. We have examined the record made with respect to each of these three and are of the opinion that the court was justified in finding in each instance that the prospective juror's opinions precluded him from finding the accused guilty of an offense punishable with death. It is apparent from questions asked by the trial court that it was very much aware of the limitations on its authority set forth in the statute (Section 2945.25[C], quoted above) and conscientiously tried to and did stay well within those limitations.

We believe, therefore, that the trial court was fully justified in finding that each of the challenged prospective jurors would not under any circumstances ever vote for a death penalty verdict and, therefore, was also justified in sustaining the challenge for cause with respect to each of those three prospective jurors.

Unlike in *Witherspoon*, there is absolutely nothing in

the instant case to indicate any effort either by state legislation or by court action to exclude prospective jurors from the jury simply because of their opposition to the death penalty.

For the foregoing reasons, we affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

MATTHIAS, O'NEILL, SCHNEIDER, LEACH and DUNCAN, JJ., concur.*

LEACH, J., of the Tenth Appellate District, sitting for HERBERT, J.