OPINION
This is an accelerated appeal from a judgment rendered in the Small Claims Division of the Willoughby Municipal Court.
Defendant-appellant, William W. Bridge, Jr., d.b.a. Ohio Fire Repair, had hired a painter working for plaintiff-appellee, Tradesman International, and agreed to pay him $19.23 per hour. The complaint alleged that Bridge did not pay three work invoices and owed Tradesman $1,716.73.
Bridge filed a motion to transfer the cause to the municipal court's regular docket. He argued that two of the three signatures on the invoices were forged and that he needed to conduct discovery to substantiate his defenses. The municipal court overruled his motion.
At the hearing before the magistrate, Bridge admitted that he contracted with Tradesmen for the painting work, but asserted that the number of hours the Tradesmen employee worked on the job was excessive. He produced two expert witnesses who opined that it should have taken only forty hours to paint one empty, three-bedroom condominium unit. The three invoices indicated that the employee spent eighty-nine hours doing the work. The contract did not specify the amount of hours in which the employee would complete the work. On rebuttal, the employee stated that he painted two such units, and that he had to return to the job site several times for touch-ups. The magistrate found that the employee worked on two units and recommended that the court enter judgment against Bridge for the requested amount.
The municipal court overruled Bridge's objections to the magistrate's report and entered judgment for Tradesmen International in the amount of $1,716.73. Bridge has appealed prose,[1] asserting two assignments of error:
 "1. The trial court erred, abusing its discretion to the prejudice of Defendant-Appellant, by denying Defendant- Appellant's motion for transfer/discovery from Small Claims to the Regular Municipal Court Docket thereby precluding Appellant from diligently discovering: (i) Plaintiff was not the real party in interest, and (ii) the specific details of Plaintiff's Complaint so that Defendant may prepare a proper defense.
 "2. The trial court erred, abusing its discretion to the prejudice of Defendant-Appellant, when the Judgment of the Court was against the manifest weight of the evidence presented during trial."
We will discuss them in inverse order.
A judgment in a civil case will not be reversed as being against the manifest weight of the evidence as long as there is some competent, credible evidence supporting it. Carabotta v.Salupo (Aug. 15, 1997), Lake App. No. 97-L-003, unreported, at 3. The court's judgment that Bridge owes a full $1,716.73 means that the court accepted as true that the employee worked eighty-nine hours at the contract rate and that this amount of time is reasonable.[2] The number of hours is supported by copies of the work invoices. That this amount of time is reasonable is supported by Bridge's experts, who said it should take forty hours to paint one unit, and by the employee's testimony, who said he painted two units (eighty hours) and had to return several times for touch-ups (nine hours). Because there is some evidence in the record supporting the judgment, we cannot reverse it as being against the manifest weight of the evidence.
The second assignment of error is overruled.
In the first assignment, Bridge argues that the municipal court abused its discretion in failing to transfer the cause to the regular docket under R.C. 1925.10(B). According to R.C. 1925.09, depositions and interrogatories may not be taken in a small claims case except with leave of court. Bridge says that the judge's decision deprived him of the opportunity to discover that Tradesmen was claiming that the employee painted two units. Bridge denies that Tradesmen's employee painted the second unit, and, had he understood the nature of the claim, he could have produced witnesses who would have testified that the second unit was painted by someone else.
There was no need to transfer the case to the regular docket, because there were other procedures available to Bridge whereby he could have discovered this information. He could have moved for a more definite statement of the claim under Civ.R. 12(E).[3]
Alternatively, he could have moved the court for special permission to send interrogatories on that issue. Outright transfer of the case was unwarranted. The municipal court did not abuse its discretion by overruling Bridge's motion to transfer.
Bridge also claims that he was prevented from discovering that there was a procedural error in the representation of Tradesmen, allegedly a corporation. R.C. 1925.17 allows corporations to appear in small claims courts by an attorney, an officer, or a salaried employee. A person named Doug Schmotzer appeared at the hearing on its behalf. He did not explain his position, but seemed very knowledgeable about Tradesmen's business and billing practices.
Bridge did not move to dismiss the cause once he saw Schmotzer at the hearing and did not raise the matter in his objections to the municipal court. Bridge raises the issue now only because our court administrator sent him a letter and a copy of one of our memorandum opinions explaining the rules of corporate representation, but he is too late.
In our appellate system, the parties must object immediately whenever a supposed mistake occurs at the trial level, or the appellate court will consider the failure to object as a waiver of any error. E.g., Cottage v. Cottage (June 13, 1997), Trumbull App. No. 96-T-5412, unreported, at 8; Shepper v. Tontimonia (Aug. 23, 1996), Portage App. No. 95-P-0079, unreported, at 10. This rule enforces a valuable policy of judicial economy — it is more efficient and less costly to everyone concerned, if trial courts are given the opportunity to fix such mistakes as they happen. See State v. Duling (1970), 21 Ohio St.2d 13 (Gray, J., concurring). It would not be fair to the other party if we were to routinely order new trials for mistakes that appellants could have brought to the trial court's attention, but did not. We therefore encourage litigants to monitor the proceedings and object to any irregularities by refusing to consider issues that could have been resolved in the lower court.
Since Bridge could have, but did not, raise the issue of Schmotzer's representation of Tradesmen in the small claims court, our policy dictates that he cannot be allowed to do so in this appeal.
We are aware that the First District Court of Appeals has recently held R.C. 1925.17 to be unconstitutional insofar as it purports to allow laypersons to practice law. In Alliance Group,Inc. v. Rosenfield (1996), 115 Ohio App.3d 380, the court held that the Ohio Constitution has committed matters concerning the governance of the bar to the Supreme Court, and the legislature cannot usurp that authority by allowing laypersons to represent corporations before the courts of this state. The issue of the constitutionality of R.C. 1925.17 is not properly before this court, however, because Bridge did not raise that issue in the lower court.
We disagree with the Alliance Group opinion to the extent that it suggests that the small claims court lacks subject matterjurisdiction over claims filed by corporate officers on behalf of the corporation. As in the case at bar, the claim in AllianceGroup was a simple breach of contract action. The court clearly has power to entertain the action. The problem in Alliance Group
was that, because the claim had been filed by a non-attorney, it was a "nullity," the cause did not legally commence, and the court therefore had no occasion to enter judgment. This is a mere procedural error that does not deprive the court of jurisdiction. Like the constitutional issue, the issue whether the municipal court's judgment for Tradesmen is void, because the claim had not properly commenced, is waived because Bridge did not raise it in the lower court.
Bridge further argues that the magistrate erred in placing the burden on him to disprove Tradesmen's claim that he signed all three work invoices. At the hearing, the magistrate asked appellant if he had any expert evidence that the signatures were not his. Bridge merely submitted the three signatures for the magistrate's inspection, asking him to determine for himself whether they matched. He also argues that he could have been prepared with handwriting experts if he were only allowed discovery. It makes no difference whether Bridge did or did not sign the invoices, because the magistrate concluded that Bridge gave the employee verbal authorization to sign them on his behalf. Even though Bridge denied giving such authorization, the magistrate was free to choose whom to believe. Carabotta,supra. We may not reverse a valid judgment because of an issue that had no bearing on the outcome of the trial. See Civ.R. 61.
For all these reasons, the first assignment of error is overruled.
We can find no legal error here. Bridge made several procedural mistakes to his detriment, but that is a risk every prose litigant takes. The judgment of the Willoughby Municipal Court in favor of Tradesmen in the amount of $1,716.73 is hereby affirmed.
ROBERT A. NADER, JUDGE.
FORD, P.J., concurs.
CHRISTLEY, J., dissents with dissenting opinion.
[1] Tradesmen has not filed an appellee's brief.
[2] Where a contract specifies that a certain act is to take place, but does not give a time frame in which the performance of the act is to be done, courts presume that the act was meant to be done within a reasonable time. Bashford v. Shaw (1854), 4 Ohio St. 263,270; Franklin Consultants, Inc. v. Osborne (Oct. 1, 1979), Lake App. No. 7-050, unreported, at 4-5.
[3] R.C. 1925.16 stipulates that the Rules of Civil Procedure are applicable to actions in small claims courts.