Defendant-appellant, Horace R. Chesney, appeals the Columbiana County Common Pleas Court's denial of post-conviction relief. For the subsequent reasons, the trial court's judgment is affirmed.
 I. STATEMENT OF FACTS
On behalf of the Columbiana County Drug Task Force, Joseph Francis arranged a drug buy from appellant. On December 16, 1993, the Task Force gave Francis $200 and wired him with a tape recorder. Francis phoned appellant and asked if appellant would purchase marijuana for him. A meeting was set up at a home on Miller Road where Francis gave appellant the money. Appellant left and returned a short time later with the marijuana. Francis gave the marijuana and the tape to the Task Force.
On December 20, 1993, Francis arranged another $200 buy from appellant. This time, appellant was conducting a sale to another buyer, Scott McDonald, as well as to Francis. Francis again turned the marijuana and tape over to the Task Force. The Task Force arrested McDonald as he drove away from the buy.
On March 1, 1994, an indictment bearing Case No. 94-CR-47 was filed against appellant in the Columbiana County Common Pleas Court charging him with three counts of trafficking in marijuana in violation of R.C. 2925.03. Soon thereafter, appellant was arrested. At his arraignment, appellant entered a plea of not guilty.
On September 22, 1994, the trial court dismissed the indictment pursuant to the State's motion because the indictment was not signed by the grand jury's foreman. Appellant then pled guilty to the same crimes in a prosecutor's information. Sentencing was continued until the completion of a pre-sentence investigation.
On September 27, 1994, appellant filed a motion to dismiss his attorney and asked the court for permission to represent himself. Appellant also filed a motion to withdraw his guilty plea. The court granted appellant's motion and dismissed the information.
On November 15, 1994, appellant was reindicted for the same crimes, resulting in Case No. 94-CR-237. At appellant's November 23, 1994 arraignment, Peter Horvath entered his appearance as appellant's new counsel. A pretrial was held that same day, setting December 5, 1994 as the trial date. On December 2, Attorney Horvath filed a motion to withdraw because he did not have enough time to prepare since appellant refused to waive his speedy trial right. Appellant waived his right to counsel and Attorney Horvath was declared standby counsel. The trial began on December 5 with appellant representing himself. Based upon appellant's request, Attorney Horvath took over the case after the State rested.
The jury returned guilty verdicts on all three counts. The trial court fined appellant $1,000 on each count and sentenced appellant to 18 months on each count to be served consecutively. Appellant filed a timely appeal, which this court denied in State v. Chesney (June 27, 1996), Columbiana App. No. 95-CO-7, unreported.
On October 23, 1995, Attorney Horvath filed a petition for post-conviction relief on behalf of appellant, which the trial court denied. On November 1, 1995, appellant's new counsel, R. Eric Kibler, filed another petition for post-conviction relief. On January 31, 1996, the trial court denied said petition. The within appeal followed.
 II. ASSIGNMENT OF ERROR
Appellant sets forth one assignment of error in his pro se
appellate brief. The sole assignment provides:
 "The Trial Court erred in overruling Defendant/Appellant's motion for Post Conviction Petition to Vacate or Set Aside Judgment and Request for Evidence Hearing brought before the Trial Court on Nov. 1st, 1995."
Under this assignment of error, appellant proposes six issues for our review, some of which were not raised in appellant's petition before the trial court and some of which are mere statements, unsupported by any evidence, alleging a massive conspiracy. Accordingly, we will discuss the three enumerated arguments that were before the trial court in appellant's petition for post-conviction relief.
Appellant's first and third arguments allege:
 "The 'indictment' which originally charged the defendant with the underlying offenses * * * was not a valid indictment as it was not signed by the foreman of the Grand Jury. * * * After such indictment, no further attempts to prosecute may follow."
 "Defendant did not knowingly, intelligently, and voluntarily waive his right to counsel at trial, but instead was forced to choose between his right to a speedy trial and his right to counsel."
Both of these arguments were specifically addressed and overruled by this court in appellant's direct appeal.Chesney, No. 95-CO-7, supra at 2-5. Therefore, res judicata
bars any further discussion of these issues. See, e.g., Statev. Steffen (1994), 70 Ohio St.3d 399; State v. Perry (1967),10 Ohio St.2d 175 (holding that post-conviction relief is a narrow remedy which prohibits review of issues which have already been fully litigated).
Appellant's second argument in his petition for post-conviction relief contends:
 "The State of Ohio introduced perjured testimony against the Defendant, in the form of testimony that the currency given to the government informant was given by the informant to the Defendant and was later recovered from John Soward's residence. This is false, as the currency given to the Defendant never reached John Soward's residence. Defendant requests an evidentiary hearing to this matter."
Appellant argues that both Detective Panezott and Francis lied on the stand. Appellant explains that the $20 bills provided to appellant in discovery were all printed before 1989, making such bills rare. Therefore, he concludes that because the search warrant contained no mention of rare bills used for the controlled drug buys, the money used by the State at trial was not the money that Francis gave to appellant to buy drugs from John Soward.
We cannot draw such inferences. Questions of witness credibility should have been explored in trial and on direct appeal. Even if we could review such issues, defendant admits that he picked up marijuana and delivered it to Francis on the two occasions alleged by the Task Force. Appellant claims that his wife coerced him to get the marijuana so that she could frame him.
Once again, pursuant to the doctrine of res judicata,
appellant cannot raise issues in his motion for post-conviction relief that could have been raised at trial or on appeal. Statev. Duling (1970), 21 Ohio St.2d 13. Appellant has failed to overcome the res judicata bar for he alleges no evidence in his petition for post-conviction relief which could not have been utilized by him at trial to bolster his case. Accordingly, this argument is without merit.
The last paragraph of appellant's brief asks this court to reopen his case pursuant to App. R. 26 (B). This rule is only applicable to claims of ineffective assistance of appellate counsel. Appellant must establish a colorable claim of such ineffective assistance under Strickland v. Washington (1984),466 U.S. 668. See State v. Durr (1997), 77 Ohio St.3d 444.
However, appellant does not allege ineffective assistance of appellate counsel. It seems as if he is attempting to reopen his case based upon the allegation of a conspiracy against him by his wife, her boyfriend, and the Task Force. Said allegation is not the proper subject of a motion to reopen an appeal.
Accordingly, the trial court did not err by failing to grant post-conviction relief. Nor did the trial court err by refusing to hold an evidentiary hearing. As can be seen by our analysis above, appellant alleged no substantive grounds for relief as required by R.C. 2953.21 (C).
For the foregoing reasons, the judgment of the trial court is affirmed.
Donofrio, J., concurs.
Waite, J., concurs.
APPROVED:
 ------------------------- JOSEPH J. VUKOVICH, JUDGE