OPINION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas denying appellant's petition for postconviction relief. Because we conclude that the trial court did not err in dismissing appellant's petition, we affirm.
In September 1997, following a jury trial, appellant was found guilty of murder, in violation of R.C. 2903.02. He was sentenced to an indefinite term of fifteen years to life. That decision was affirmed by this court on appeal. See State v.Allen (Mar. 19, 1999), Lucas App. No. L-97-1444, unreported.
In August 1998, appellant filed a petition for postconviction relief. Appellee, state of Ohio, moved for summary judgment and to dismiss the petition without hearing. The trial court granted the motion, dismissing the petition for reasons that appellant's assignments of error were addressed or were claims that could have been raised on direct appeal.
Appellant now appeals from that decision, setting forth the following five assignments of error:
"First Assignment of Error
 "Police misconduct and Perjury by Det [sic] Trout and Det [sic] Campbell.
"Second Assignment of Error
"Abuse [sic] discretion by Trial Judge.
"Third Assignment of Error
"Prosecutor Abuse and Misconduct
"Four [sic] Assignment of Error
"Counsel was ineffective.
"Fifth Assignment of Error
 "The verdict was against the manifest weight of the evidence."
Postconviction relief is a narrow remedy because resjudicata bars any claim that was or could have been raised in the trial court or on direct appeal. State v. Steffen (1994), 70 Ohio St.3d 399,410, citing State v. Duling (1970), 21 Ohio St.2d 13
and State v. Perry (1967), 10 Ohio St.2d 175.
In the present case, all of the issues raised by appellant in his petition for postconviction were addressed in his direct appeal. Therefore, these claims are barred by the doctrine of res judicata and the trial court properly denied the petition.
Accordingly, appellant's five assignments of error are not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
James R. Sherck, J.
Richard W. Knepper, J.
CONCUR.