OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which denied the petition of defendant-appellant, Vernon Lamont Smith n/k/a Abdullah Sharif Kaazim Mahdi ("Mahdi"), to vacate or set aside his sentence pursuant to R.C. 2953.21. From that judgment, appellant raises the following assignment of error on appeal:
 "THE TRIAL COURT ERRED IN DISMISSING ALL OF APPELLANT'S CLAIMS ON THE BASIS OF RES JUDICATA
IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."
On March 15, 1994, appellant was convicted of three counts of aggravated robbery with firearm specifications and one count of aggravated murder with a capital specification and a firearm specification. At the conclusion of the mitigation phase of the trial, the jury recommended that appellant be sentenced to death. The trial court entered judgment in conformity with the jury's recommendation.
On direct appeal to this court, appellant raised fifteen assignments of error, fourteen of which we found to be without merit. The one assignment of error which we determined had merit, was cured upon our own statutorily mandated independent reweighing of the evidence in the mitigation phase of the trial. Accordingly, we affirmed the convictions and sentence. Appellant's further appeal to the Supreme Court of Ohio is still pending.
On September 20, 1996, appellant filed in the court below a petition to vacate or set aside his sentence pursuant to R.C. 2953.21 and a request for an evidentiary hearing. In that petition, appellant gave the jurisdictional background of the case which included a verbatim listing of the fifteen assignments of error which he had raised on direct appeal to this court. The petition then listed ten claims for relief[1] in which appellant asserted that he had been denied his rights under the Ohio and United States Constitutions. He also requested that the court grant him the opportunity to conduct discovery to further develop and support his claims for relief. Appellant supported his petition with five exhibits. In response, the state filed a motion for summary judgment/motion to dismiss. On February 26, 1998, the lower court filed an opinion and journal entry which included findings of fact and conclusions of law. The conclusions of law read in their entirety as follows:
 "13. This Court finds pursuant to R.C. 2953.21(C) that a hearing is not mandated for every post-conviction relief petition and that no grounds exist for a hearing in this case. See State v. Jackson (1980), 64 Ohio St.2d 107.
 "14. This Court further finds that issues numbered one through fifteen were directly raised and ruled upon in the Sixth District Court of Appeals
and are specifically barred by the doctrine of res judicata, since the doctrine specifically precludes the Petitioner from raising issues that were previously raised or could have been raised on appeal. See State v. Roberts (1982), 1 Ohio St.3d 437; State v. Ismail
[sic] (1981), 67 Ohio St.2d 16; State v. Orling (1972), 21 Ohio St.2d 13; State v. Perry (1967), 10 Ohio St.2d 175.
 "Therefore, this petition is found not well-taken." (Emphasis added.)
It is clear to this court, that in ruling as it did, the lower court never addressed the ten claims for relief raised in the petition. Rather, the court stated that the issues numbered onethrough fifteen were directly raised and ruled upon by this court and were therefore barred under the doctrine of res judicata. The court can only be referring to the fifteen assignments of error filed in this court on the direct appeal and which appellant listed in his petition solely as a means of reference. A cursory comparison of the fifteen assignments of error with the ten claims for relief reveals that the ten claims for relief were clearly not "directly raised and ruled upon" by this court. Whether they could have been raised is a separate issue altogether.
Because the trial court never ruled on the actual claims for relief asserted in the petition below, the assignment of error raised in the present appeal is not ripe for review and is therefore not well-taken. Accordingly, we must remand this case to the trial court so that it may issue conclusions of law on the ten claims for relief raised in the petition.
On consideration whereof, the court finds substantial justice has not been done the party complaining and the judgment of the Lucas County Court of Common Pleas is reversed. This cause is remanded for further proceedings consistent with this opinion. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
 James R. Sherck, J.
 Mark L. Pietrykowski, J.
CONCUR.
[1] Although appellant's petition lists the claims for relief as "causes of action," R.C. 2953.21 does not refer to "causes of action," and we will refer to them herein as "claims for relief."