JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Mark Baker appeals from a decision of the common pleas court denying his petition for post-conviction relief arising from his convictions for possession and for trafficking crack cocaine. Baker complains on appeal the court erroneously overruled his motion for summary judgment, denied his petition for post-conviction relief and did not permit him to withdraw his guilty plea. After careful review, we affirm the judgment of the trial court.
The record reveals on October 9, 1996, a grand jury indicted Baker in Case No. CR-343695 for two counts of possession of crack cocaine and one count each of possession of criminal tools and of trafficking crack cocaine. Thereafter, on January 9, 1997, the grand jury returned a second indictment in Case No. CR-346307 for seven counts of possession of criminal tools, six counts of possession of crack cocaine, two counts of trafficking cocaine, one of which included a schoolyard specification, two counts of having a weapon while under a disability and one count of using a motor vehicle in the commission of a felony drug offense.
Baker initially entered a plea of not guilty. However, on May 21, 1997, he withdrew that plea and entered a guilty plea to one count of drug trafficking in Case No. CR-343695 and to one count each of possession of crack cocaine and drug trafficking in Case No. CR-346307. Thereafter, on July 31, 1997, the court sentenced Baker to a eight-month term of imprisonment for Case No. CR-343695 to be served concurrently with Case No. CR-346307. In Case No. CR-346307, the court sentenced Baker to a three-year term of imprisonment for each count to run consecutively. Baker did not file a direct appeal, and the deadline for a petition for post-conviction relief expired on March 11, 1998. Instead, on June 4, 1999, he filed a petition for post-conviction relief or alternatively a motion to withdraw his guilty pleas. Thereafter, Baker filed a motion for summary judgment. On July 17, 2000, the trial court denied his petition without a hearing. In its findings of fact and conclusion of law, the court determined Baker failed to file a timely motion for post-conviction relief.
Baker appeals from this decision and raises five assignments of error. Because these assignments of error are resolved based on the law governing petitions for post-conviction relief, they will be discussed together and state as follows:
 I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED HIS MOTION FOR SUMMARY JUDGMENT.
 II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT MADE FINDINGS OF FACT BASED ON THE COURT'S OWN PERSONAL KNOWLEDGE AND WITHOUT A HEARING.
 III. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DISMISSED HIS PETITION WITHOUT ANY PRIOR NOTICE.
 IV. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NOT GRANTED RELIEF AS HIS PLEAS OF GUILTY WERE NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED AND DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
 V. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT, SUA SPONTE, DETERMINED THAT THE PETITION WAS NOT TIMELY FILED AND THAT THE MOTION TO WITHDRAW THE PLEA OF GUILTY WAS UNTIMELY FILED.
Baker contends the court erroneously denied his motion for summary judgment and abused its discretion when it denied his petition for post-conviction relief. The State maintains the trial court properly denied Baker's untimely petition for post-conviction relief. The issue here concerns the trial court's treatment of Baker's petition for post-conviction relief.
We begin by noting R.C. 2953.21 states in part:
 (A)(1) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * * *. (2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *.
In accordance with R.C. 2953.23, a petition for post-conviction relief can be considered after the deadline if the following apply:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) * * * unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
In State v. Kapper (1983), 5 Ohio St.3d 36, the court confronted denial of a hearing in a post-conviction relief case and stated:
 * * * [W]e hold that a petition for post-conviction relief is subject to dismissal without a hearing when the record, * * * indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises.
On the issue of counsel's effectiveness, the appellant has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. Vaughn v. Maxwell (1965), 2 Ohio St.2d 299. The test as to whether an individual has been denied effective counsel is stated in State v. Lytle (1976), 48 Ohio St.2d 391, 396-397, as follows:
 When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client.
 Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.
In State v. Perry (1967), 10 Ohio St.2d 175, the court stated in its syllabus:
* * *
 7. Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 * * *, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him.
 8. The Supreme Court of Ohio will apply the doctrine of res judicata in determining whether postconviction relief should be given under Section 2953.21 * * *.
 9. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
See, also, State v. Ishmail (1981), 67 Ohio St.2d 16; State v. Duling (1970), 21 Ohio St.2d 13.
In the instant case, the record indicates Baker was not entitled to either a hearing or post-conviction relief for numerous reasons. First, Baker failed to submit evidentiary documents apart from his self-serving affidavit that he received ineffective assistance of counsel or that he was entitled to post-conviction relief. Baker did not carry his initial burden and, therefore, the court below did not err in denying him an evidentiary hearing or dismissing his petition without prior notice. Second, he failed to file a direct appeal of his conviction. In accordance with Perry, the doctrine of res judicata bars his claims of ineffective assistance of counsel and withdrawal of his guilty plea because those issues could have been fully litigated by him either before his judgment of conviction or on direct appeal from that judgment. Third as the State contends, Baker filed an untimely petition for post-conviction relief. Therefore, for the foregoing reasons, Baker's assignments of error are overruled, and accordingly, the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________ JAMES J. SWEENEY, J.
DYKE, J., CONCURS, TIMOTHY E. McMONAGLE, P.J., CONCURS IN JUDGMENT ONLY.