JOURNAL ENTRY AND OPINION
Appellant, Larry Carner appeals, pro se from a decision of the common pleas court denying his petition for post-conviction relief arising from his conviction for aggravated murder with a firearm specification. Appellant complains on appeal that he received ineffective assistance of counsel; that he did not make a knowing, intelligent or voluntary plea; and that the trial court failed to conduct a hearing in connection with his claim for post-conviction relief. After careful review, we affirm the judgment of the trial court.
The record reveals on November 30, 1989, a grand jury indicted appellant in Case No. CR-246946 for one count of aggravated murder with both a gun and a felony murder specifications; one count of aggravated murder with a gun specification; and one count of aggravated robbery with a gun specification.
Appellant initially entered a plea of not guilty. However, on May 2, 1990, he withdrew that plea, entered a guilty plea to aggravated murder with a gun specification and received a thirty-year prison sentence with an additional three years imprisonment for the gun specification. Appellant did not file a direct appeal. Instead, on September 17, 1996, he filed a petition to vacate or set aside the sentence. Thereafter, on February 12, 1997, appellant filed an amendment to his petition for post-conviction relief. On February 24, 2000, the trial court denied his petition without a hearing. In its findings of fact and conclusion of law, the court denied appellant's petition because he failed to file a timely motion for post-conviction relief or a direct appeal.
Appellant appeals from this decision and raises four assignments of error, which will be discussed together because they relate to his petition for post-conviction relief. They state as follows:
 I. THE TRIAL COURT PREJUDICIALLY ERRED AND DENIED APPELLANT FUNDAMENTAL DUE PROCESS IN REFUSING TO MAKE A DETERMINATION AS TO THE MERITS OF APPELLANT'S CLAIM OF DENIAL OF DUE PROCESS AND INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS RAISED IN APPELLANT'S AMENDED PETITION FOR POST-CONVICTION RELIEF.
 II. APPELLANT WAS DENIED DUE PROCESS AND EQUAL PROTECTION OF THE LAW WHEN ENTERING HIS GUILTY PLEA AND THE TRIAL COURT PREJUDICIALLY ERRED IN DETERMINING THAT APPELLANT'S GUILTY PLEA TO AGGRAVATED MURDER WAS KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTERED.
 III. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN PLEADING GUILTY IN THAT COUNSEL FAILED TO GIVE CORRECT ADVICE AS TO THE REQUIRED CULPABILITY FOR THE COMMISSION OF AGGRAVATED MURDER UNDER OHIO LAW.
 IV. THE TRIAL COURT PREJUDICIALLY ERRED BY FAILING TO CONDUCT AN EVIDENTIARY HEARING ON APPELLANT'S CLAIMS RAISED IN HIS PETITION FOR POST-CONVICTION RELIEF.
Appellant contends he received ineffective assistance of counsel; did not enter his guilty plea knowingly, intelligently or voluntarily; and did not receive a hearing on his petition. The issue here concerns the trial court's treatment of appellant's petition for post-conviction relief.
We begin by noting the pre-July 1, 1996 version of R.C. 2953.21 states in part:
 (A)(1) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
In State v. Kapper (1983), 5 Ohio St.3d 36, the court confronted denial of a hearing in a post-conviction relief case and stated:
 * * * [W]e hold that a petition for post-conviction relief is subject to dismissal without a hearing when the record, * * * indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises.
Further, in State v. Perry (1967), 10 Ohio St.2d 175, the court stated in its syllabus:
 7. Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 et seq., Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him.
 8. The Supreme Court of Ohio will apply the doctrine of res judicata in determining whether postconviction relief should be given under Section 2953.21 et seq., Revised Code.
 9. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
See, also, State v. Ishmail (1981), 67 Ohio St.2d 16; State v. Duling (1970), 21 Ohio St.2d 13.
In the instant case, the record indicates appellant was not entitled to either a hearing or post-conviction relief. First, he failed to submit any evidentiary documents apart from his self-serving affidavit that he received ineffective assistance of counsel or that he was entitled to post-conviction relief. Appellant did not carry his initial burden and, therefore, the court below did not err in denying him an evidentiary hearing. Second, he failed to file a direct appeal of his conviction, and in accordance with Perry, the doctrine of res judicata bars his claims in this case because the issues concerning ineffective assistance of counsel and the voluntariness of his plea could have been fully litigated by him either before his judgment of conviction or on direct appeal from that judgment. For the foregoing reasons, appellant's assignments of error are overruled, and accordingly, the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________ JAMES J. SWEENEY, J.