JOURNAL ENTRY AND OPINION
{¶ 1} This is a pro se appeal from an order of Judge William Coyne that denied the petition of Tyrone Smith, aka Michael Graham, aka Michael Robinson, to vacate or set aside his sentence, which was treated as one for postconviction relief. He claims he was improperly denied a hearing and should have had appointed counsel to assist him. We affirm.
 {¶ 2} From the record we learn that in June of 2000, Smith shoplifted merchandise from a Dillard's department store and, while driving from the scene, dragged a police officer, who had reached into the car to shut off the ignition, through the parking lot. When the officer managed to free himself, Smith became the object of a high-speed chase and was eventually apprehended.
 {¶ 3} He was indicted on one count of aggravated robbery and one count of felonious assault, with a peace officer specification, pleaded guilty to one count of robbery and one count of assault, with a peace officer specification, and was sentenced, on December 18, 2000, to two years in prison on the robbery count, to be served concurrently with a six-month prison sentence imposed on the assault charge. He did not appeal his conviction.
 {¶ 4} On May 2, 2001, Smith, pro se, filed a "Petition to Vacate or Set Aside Sentence," in which he alleged that his lawyer wrongly persuaded him to accept the plea agreement offered by the State, and that his indictment was flawed because the allegations of the detective providing the basis for the indictment were false. Smith stated that he did not attach any evidentiary materials to the petition because he was incarcerated and unable to investigate the allegations or obtain any evidence. He requested the appointment of a lawyer and private investigator for this purpose.
 {¶ 5} On January 31, 2002, the judge issued findings of fact and conclusions of law denying Smith's petition without a hearing. He ruled that Smith was not entitled to the appointment of a lawyer for purposes of postconviction proceedings; that the grounds upon which he based his motion should have been raised in a direct appeal, and the doctrine of res judicata barred their consideration on postconviction motion; and that the petition itself was unsupported by any evidentiary materials and, therefore, presented no claim for relief justifying a hearing on its merits.
 {¶ 6} Smith asserts one assignment of error:
 {¶ 7} "The Trial Court Erred and Abused its Discretion by Failing to Hold an Evidentiary Hearing, and by Failing to Appoint Counsel And/or an Investigator after Appellant Had Presented as Sufficient Operable Facts, a Colorable Claim for Ineffective Assistance of Trial Counsel; and Had Further Expressed His Inability to Marshall the Facts and Bring Forth the Evidence in Support of His Claim Due to Appellant's Imprisonment, and by Determining That Appellant's Post-Conviction Claims Were Barred by the Doctrine of Res Judicata."
 {¶ 8} Under R.C. 2953.21, a criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing.[1] Before granting an evidentiary hearing on the petition, the judge shall determine whether there are substantive grounds for relief under R.C. 2953.21(C), i.e., whether there are grounds to believe that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States."[2]
 {¶ 9} "Postconviction relief is a remedy sought by a defendant who has either been tried and found guilty beyond a reasonable doubt, or who has pled guilty and has been convicted."[3] In the interest of judicial economy and efficiency, the Ohio Supreme Court has held that it is not unreasonable to require the defendant to show in his petition for postconviction relief that such errors resulted in prejudice before a hearing is scheduled.[4] Therefore, before a hearing is granted, "the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." (Emphasis added.)[5]
 {¶ 10} Broad, conclusory allegations contained in a motion for postconviction relief are insufficient as a matter of law to require a trial judge to hold a hearing on the petition.[6] "If [the Ohio Supreme Court] would allow any open-ended allegation or conclusory statement concerning competency of counsel without a further showing of prejudice to the defendant to automatically mandate a hearing, division (D) of R.C. 2953.21 would be effectively negated and useless."[7] While Jackson disapproved of "[b]road assertions,"[8] and Pankey rejected "broad conclusory statements,"[9] neither case turned on whether the allegations were specific. Rather, the absence of "evidentiary documents containing sufficient operative facts" governed the outcome.[10]
 {¶ 11} In filing his petition for postconviction relief without submitting any evidence whatsoever to substantiate his allegations of the misconduct or incompetence of his trial lawyer, Smith established no basis for an entitlement to a hearing, nor did he present the judge with any grounds for substantive relief.
 {¶ 12} A defendant is barred by the doctrine of res judicata from raising any defense or constitutional claim that was or could have been raised at trial or on direct appeal from his conviction.[11] Because an appeal from the judgment of conviction is limited to the trial court record, a petition for postconviction relief may defeat the bar of resjudicata only if the claims are based upon evidence dehors the record.[12]
 {¶ 13} As we noted above, Smith supported his petition with no evidence inside or outside the record, only his conclusory argument. These attacks on a conviction rooted in due process violations,[13] or in ineffective assistance of counsel claims,[14] should have been brought by Smith on direct appeal, and were inappropriately before the judge as postconviction claims. Denial on the basis of res judicata was appropriate.
 {¶ 14} "* * * [A]lthough an indigent petitioner does not have a state or a federal constitutional right to representation by an attorney in a postconviction proceeding, the petitioner, pursuant to R.C.120.16(A)(1) and (D), is entitled to representation by a public defender at such a proceeding if the public defender concludes that the issues raised by the petitioner have arguable merit. Furthermore, R.C.120.16(A)(1) and (D) implicitly require the trial court, upon concluding that the petitioner in a postconviction proceeding is entitled to an evidentiary hearing pursuant to R.C. 2953.21(C) and (E), to promptly notify the public defender of the pending hearing."[15] Absent a finding that Smith was entitled to a hearing on his petition, he had no right to appointed counsel.[16]
Judgment affirmed.
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., CONCURS IN JUDGMENT ONLY, DIANE KARPINSKI, J., CONCURS.
[1] State v. Cole (1982), 2 Ohio St.3d 112,443 N.E.2d 169.
[2] R.C. 2953.21(A)(1).
[3] State v. Calhoun (1999), Ohio St.3d 279, 283, citing State v. Jackson (1980), 64 Ohio St.2d 107,112.
[4] Id.
[5] Id. at syllabus.
[6] State v. Pankey (1981), 68 Ohio St.2d 58, Statev. Jackson (1980), 64 Ohio St.2d 107.
[7] Jackson, 64 Ohio St.2d at 112.
[8] Jackson, supra, at 111,
[9] Pankey, supra, at 59,
[10] State v. Kapper (1983) 5 Ohio St.3d 36, 39.
[11] State v. Reynolds (1997), 79 Ohio St.3d 158,161, 1997-Ohio-304, State v. Duling (1970),21 Ohio St.2d 13, State v. Perry (1967),10 Ohio St.2d 175.
[12] State v. Cole (1982), 2 Ohio St.3d 112.
[13] State v. Szefcyk (1996), 77 Ohio St.3d 93.
[14] State v. Perry, supra.
[15] State v. Crowder (1991), 60 Ohio St.3d 151, 153.
[16] Id., see also State v. Lawson (Mar. 8, 2001), Cuyahoga App. No. 78326: "* * * [P]ursuant to Crowder,[the defendant] did not have a constitutional right tobe represented by counsel in a post-convictionproceeding because the issues raised by him lack arguablemerit. Therefore, the trial court did not err when itdenied his petition for post-conviction relief or hisrequest for representation by counsel * * *."