JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Benigno Lozada (defendant) appeals pro se the trial court's denial of his motion to withdraw his guilty plea. Defendant was indicted on eleven drug related counts and, pursuant to a plea agreement, pleaded guilty to two counts of trafficking in cocaine with juvenile specifications. The remaining counts were nolled.
 {¶ 2} Defendant was sentenced to four years incarceration on each count pled to, with the time to run concurrently. On July 19, 2001, defendant's sentence was journalized. On February 6, 2002, defendant filed a pro se motion for leave to withdraw his guilty plea. The state filed a responsive motion to dismiss defendant's motion for leave to withdraw guilty plea, which motion the court granted on March 14, 2002, without a hearing but with findings of fact and conclusions of law.
 {¶ 3} Defendant timely appealed the court's denial of his request to withdraw his guilty plea. No transcripts of the proceedings are available to this court.
 {¶ 4} Defendant states one assignment of error:
 {¶ 5} "I. The Trial Court Erred And Abused Its Discretion, To The Prejudice Of Appellant, By Failing To Grant Appellant A Hearing On His Motion To Withdraw Guilty Plea Pursuant To Crim.R. 32.1, And By Erroneously Adopting The Findings Of Fact And Conclusions Of Law, As So Drafted By The Prosecutor; To Which Said Findings Of Fact And Conclusions Of Law Were Clearly Not In Evidence, And Which Further Perverted Appellant's 32.1 Motion By Converting Said Motion Into A Petition For Post-conviction Relief Pursuant To R.C. Section 2953.21, Which Barred The Merits Of Appellant's Motion By The Doctrine Of Res Judicata And Denied Appellant Due Process Of Law."
 {¶ 6} Although defendant styles his motion in the trial court as a Crim.R. 32.1 motion, the trial court correctly considered it as a motion for postconviction relief because it raises constitutional issues: the voluntariness of his plea, and the effectiveness of his counsel. The Ohio Supreme Court has held, "where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." State v. Reynolds (1997), 79 Ohio St.3d 158,160.
 {¶ 7} Defendant specifies three issues in his statement of this assignment. The first issue is whether the court erred in failing to grant a hearing pursuant to Crim.R. 32.1. Even if this were a Crim.R. 32.1 motion, unless defendant alleged facts in his motion which, if true, would require that his guilty plea be allowed to be withdrawn, the court is not required to hold a hearing on the motion. State v.Reynolds, Putnam App. No. 12-01-11, 2002 Ohio App. LEXIS 2901. Under Crim.R. 32.1,"[a] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." State v. Smith (1977), Ohio St.2d 261, paragraph one of the syllabus. In the case at bar, defendant failed to show such manifest injustice.
 {¶ 8} As noted above, however, defendant's motion was properly treated as a PCR petition. "According to the postconviction relief statute, a criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing." State v. Calhoun (1999), 86 Ohio St.3d 279, 282-283, citingState v. Cole (1982), 2 Ohio St.3d 112. The trial court did not err in declining to hold a hearing.
 {¶ 9} The substance of defendant's motion to the trial court was based on ineffective assistance of counsel. He claimed that his counsel failed to investigate his case and misinformed him about the terms of the plea agreement. Defendant has failed to provide any support, however, dehors the record for either claim. As this court noted in another PCR case in which a defendant alleged ineffective assistance of counsel, "[t]he record unambiguously shows that defendant did not submit any evidence dehors the record to support the claims in his PCR Petition. Without such evidence defendant could not prevail on his claim." Statev. Howard (May 20, 1999), Cuyahoga App. No. 74103, 1999 Ohio App. LEXIS 2295, at *7.
 {¶ 10} A second issue defendant raises is whether it was error for the court to adopt the prosecutor's findings of fact and conclusions of law. Because no transcript was provided to this appellate court, we must presume the trial court's findings of fact are correct. State v. Skaggs
(1978), 53 Ohio St.2d 162.
 {¶ 11} Third, defendant challenges the court's interpretation of his motion as a petition for postconviction relief. As discussed above, this court has previously held "that if a motion to withdraw a guilty plea is filed after the expiration of time for a direct appeal and alleges a constitutional violation as the basis for the request to vacate a conviction and sentence, the motion must be treated as one for postconviction relief under R.C. 2953.21." State v. Jackson Cuyahoga App. No. 79072, 2001 Ohio App. LEXIS 5295, at *5. In the case at bar, therefore, the trial court correctly characterized the motion as a petition for postconviction relief.
 {¶ 12} Moreover, this issue could have been raised on direct appeal and, therefore, is barred by res judicata. Although defendant did not file a direct appeal, he is still barred in his motion for postconviction relief from raising issues which could have been raised on a direct appeal. "`Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.' * * *
 {¶ 13} "It is established that, pursuant to res judicata, a defendant cannot raise an issue in a motion for postconviction relief if he or she could have raised the issue on direct appeal.'" Reynolds at 161, quoting State v. Duling (1970), 21 Ohio St.2d 13.
 {¶ 14} The trial court did not err in dismissing defendant's petition. Postconviction relief is not a vehicle for appealing claims which could have been raised on direct appeal of a conviction. State v.Perry (1967), 10 Ohio St.2d 175, 182. "Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21, et seq., Revised Code, where they * * * could have been fully litigated by the prisoner while he was represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus could have been adjudicated against him." State v. Duling (1970), 21 Ohio St.2d 13, syllabus paragraph one. Defendant does not allege that he was prevented from appealing his plea or that the court failed to advise him of his right to counsel on appeal. Because defendant failed to raise the issue of ineffective assistance of counsel on direct appeal, the issue is now res judicata to the extent his claims rest upon the record. Further, because defendant failed to provide any documentary evidence outside the record, the doctrine of res judicata may be invoked to bar any claim of ineffective assistance of counsel if the claims rest upon evidence not in the record. State v. Broom (May 7, 1998), Cuyahoga App. No. 72581, 1998 Ohio App. LEXIS 2110, at *12, quoting State v. Zuern (Dec. 4, 1991), Hamilton App. Nos. C-900481 C-910229.
KENNETH A. ROCCO., P.J., AND ANN DYKE, J., CONCUR.