JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Judge Nancy Margaret Russo that denied Michael Sneed's motion to vacate his guilty pleas to two counts of aggravated vehicular homicide, with a DUI specification; five counts of aggravated vehicular assault, with a DUI specification; and one count of driving under the influence of alcohol. He also challenges the imposition of maximum and consecutive sentences. We affirm.
 {¶ 2} The factual background of this case was previously, succinctly summarized by this court as follows:
 {¶ 3} "On September 30, 1997, appellant pled guilty to two counts of aggravated vehicular homicide (R.C. 2903.06), five counts of aggravated vehicular assault (R.C. 2903.08), and one count of aggravated vehicular assault (R.C. 2903.08), and one count of driving under the influence (R.C. 4511.19). All of the counts contained a DUI specification (R.C. 2903.07). No direct appeal was taken from the conviction. The trial court denied appellant's motion to withdraw his guilty plea. Appellant's motion for leave to file a delayed appeal was denied.
 {¶ 4} "On April 13, 1998, appellant filed a petition for post-conviction relief. In his petition, appellant raised numerous assertions of ineffective assistance of counsel, objected to his sentence, and claimed that the trial court did not comply with Crim.R. 11. Appellant attached letters from his sister and mother in support of his petition. In the letters, appellant's sister and mother averred that appellant's attorney did not respond adequately to their concerns following appellant's entry of a guilty plea and primarily was interested in his fee. The state filed a motion to dismiss. Appellant then filed a motion to supplement his petition in which appellant attached the police reports regarding the accident. The trial court denied appellant's motion to supplement his post-conviction relief petition.
 {¶ 5} "The trial court denied appellant's petition for post-conviction relief and issued findings of fact and conclusions of law. The trial court determined that appellant's claims regarding sentencing, the adequacy of compliance with Crim.R. 11, and the discussion of the range of possible sentences appellant faced were barred by res judicata. The trial court found that appellant did not offer any credible evidence in support of his claims regarding a conflict of interest between appellant and his attorney, of ineffective assistance of counsel, and of failure of counsel to investigate the case."[1]
 {¶ 6} We affirmed the judge's denial of Sneed's motion for post-conviction relief on the bases that the judge appropriately denied his request to accept into evidence police reports he attempted to submit with his motion and that the judge issued acceptable findings of fact and conclusions of law in denying the motion without a hearing.[2] On June 9, 2000, Sneed filed a motion to withdraw his guilty pleas, pursuant to Crim.R. 32.1. In his motion, he argued that his "addiction" to medications for anti-depression and anxiety precluded him from providing a knowing, voluntary and intelligent guilty plea, as mandated by Crim.R. 11(C). In support of his contentions, he again attempted to interject the police reports we had already determined to be excluded from the record. He also submitted automobile insurance adjuster reports, Fairview Hospital records indicating that he had a history of taking psychotropic drugs to combat his anxiety and depression, and a statement from one Robert Dissell, Lorain Correctional Institution Inmate #377-705, who attested to being a witness to the relevant automobile accident and opined that the collision was not the fault of Sneed. The judge denied this motion by journal entry on June 16, 2000, and Sneed filed no appeal from that order.
 {¶ 7} On August 17, 2001, Sneed filed, before this court, a motion for leave to appeal his sentence, to which we assigned Case #80113. We denied this motion and sua sponte dismissed the appeal.
 {¶ 8} January 22, 2002, Sneed filed another pro se motion to withdraw his guilty plea, which the judge promptly denied. In the motion, Sneed argued that his guilty pleas were not voluntarily, knowingly and intelligently made because he was deprived of his Zoloft psychotropic medication, and without his medication, he could not adequately consider the effect of his plea or its consequences. This argument, interestingly, directly contradicts his earlier motion to vacate his plea, which argued that he could not properly plead guilty because he was under the influence of psychotropic medication. He once again attached the police reports pertaining to the automobile accident giving rise to his criminal case, the accident evaluation reports from the insurance adjusters, the statement sworn by Dissell, and now included his own affidavit, testifying to the points of argument contained in his motion. He also, once again, attached his medical records from Fairview Hospital, reflecting that in 1996 and 1997, he was alternately prescribed medications such as Xanax, Paxil, and Zoloft to help him deal with depression and the stress incident to the breakup of his marriage. The judge denied this motion to vacate his plea, and Sneed now asserts two assignments of error.
 {¶ 9} "I. The Trial Court Erred And/or Abused its Discretion When it Denied Appellant's Motion to Withdraw His Guilty Pleas, in Order to Correct Manifest Injustice, Pursuant to Criminal Rule 32.1; When Appellant's Pleas Were Not Entered Knowingly, Intelligently or Voluntarily, Pursuant to the State and Federal Constitutions of Due Process [sic]."
 {¶ 10} Preliminarily, we note that, with the exception of Sneed's affidavit, all of the evidence submitted with, and argument contained in, Sneed's January 22, 2002 motion to vacate his plea was contained in the motion to vacate his plea that he filed, and the judge denied, in June, 2000. Further, Sneed's arguments are essentially identical in both motions: that some medication-induced incoherence (either in taking or in not taking his medications) preventing him from being able to provide the judge with a knowing, voluntary and intelligent guilty plea, and that, had he known of the police reports, insurance adjuster reports or Dissell's prospective testimony, he would not have pleaded guilty. We decline to consider any argument rooted in the above bases because Sneed's appeal of these issues is untimely, having been decided by the judge on June 16, 2000. Accordingly, Sneed should have perfected his appeal to this court by July 16, 2000,[3] or filed a motion for delayed appeal justifying his tardiness in appealing the judge's June 16, 2000 ruling.[4] Sneed, in simply refiling his motion, with identical arguments, in January, 2002, has not vested this court with the jurisdiction to consider his errors, which, as they relate to the voluntariness of his pleas, are at least two years old.
 {¶ 11} In any event, Crim.R. 32.1 provides as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." This rule imposes a strict standard for deciding a post-sentence motion to withdraw a plea.[5] A defendant may only be allowed to withdraw a plea after sentencing in "extraordinary cases."[6] The defendant bears the burden of showing a manifest injustice warranting the withdrawal of a plea.[7] "The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdrawing the plea if the sentence was unexpectedly severe."[8]
 {¶ 12} We may not disturb a judge's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. "An abuse of discretion implies that the court's attitude was unreasonable, arbitrary or unconscionable. * * * However, when applying an abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court but must be guided by a presumption that the findings of the trial court are correct."[9]
 {¶ 13} A manifest injustice is defined as a "clear or openly unjust act."[10] Another court has referred to it as "an extraordinary and fundamental flaw in the plea proceeding."[11] Again, "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.[12]
 {¶ 14} Given the extra evidence submitted by Sneed in this case, in the form of his own affidavit, we find he has not presented evidence sufficient to demonstrate that his conviction resulted in manifest injustice. Sneed points to deficiencies in the various accident reports and insurance adjuster reports which, according to him, would have influenced his decision to plead guilty to all counts charged, but even if we accepted the introduction of this evidence in this case, Sneed has not demonstrated that this evidence was unavailable at the time of trial. To warrant the granting of a motion for a new trial in a criminal case on the basis of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.[13]
 {¶ 15} Nothing in the materials submitted by Sneed contradicts the essential facts of this case: that on July 5, 1997, he was intoxicated, with a blood-alcohol level of 0.164, he was speeding and he broadsided the automobile driven by Ms. Jewel Fair, killing her and Ms. Joyce Lambert, injuring three passengers in the car, with injuries that include permanent facial scarring, and injuring two passengers in his own car.
 {¶ 16} We further conclude that we expressly determined in Sneed's prior appeal to this court that his plea was taken in accord with Crim.R. 11.[14] Sneed obviously knew of this rule in drafting his initial motion for post-conviction relief, and any Crim.R. 11 deficiency Sneed did or could have presented to the court at that time, including a deficiency in his capacity to plead due to some medication-induced condition, is forever barred.[15]
 {¶ 17} As such, the judge did not err in denying Sneed's motion to vacate his plea, as he has not presented any colorable evidence that his conviction represents a manifest injustice.
 {¶ 18} "II. The Trial Court Erred When it Sentenced the Appellant to Consecutive Sentences, When it Failed to Make Oral Findings as Required under R.C. 2929.14(B), (C), (D)(2), (D)(3), (E)(4), or R.C.2929.19(b)(2)(C)(D) [Sic], Therefore, Violating Appellant's Rights under the State and Federal Constitutions of Due Process [Sic]."
 {¶ 19} In this assignment of error, Sneed contends that the judge erred in sentencing him to an aggregate of fifteen and one-half years in prison without making the proper statutory findings on the record to substantiate the consecutive nature of the sentences or the maximum, eighteen-month sentences imposed for each of the five felonious assault charges to which he pleaded guilty. He had also asserted these errors in his initial motion for post-conviction relief, filed April 13, 1998, the denial of which we affirmed in State v. Sneed I;[16] in his second motion for post-conviction relief, filed June 9, 2000, the denial of which he did not appeal; and, in his motion for leave to appeal his sentence, filed August 17, 2001, and denied by this court.
 {¶ 20} Preliminarily, we note that Sneed is correct in his argument that the judge made no findings whatsoever in sentencing him to the term of imprisonment that she imposed. However, we cannot sanction the practice of filing motion after motion after motion for post-conviction relief in the trial court after an initial motion for post-conviction relief was denied and affirmed on appeal requesting the same relief from sentence. This practice amounts to appellate panel-shopping and fails to acknowledge that decisions of this court, once rendered, are final. As we held above, the doctrine of res judicata, which exists to ensure the finality of judgments and the preservation of judicial resources, operates to bar Sneed's claim here, which has been explicitly raised and rejected on grounds of res judicata, and affirmed by this court, once already.
 {¶ 21} According to R.C. 2929.14(E)(4), a judge may sentence a convicted defendant to consecutive terms of imprisonment for multiple crimes in the following circumstances:
 {¶ 22} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 23} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 24} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 25} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."[17]
 {¶ 26} In making such findings that consecutive sentences are appropriate, a judge must articulate, on the record, the reasons for the findings made.[18] When a court of appeals clearly and convincingly finds that a sentence imposed by a judge is unsupported by the record or contrary to law, the court of appeals may modify the sentence or vacate the sentence and remand the matter to the trial court for re-sentencing.[19]
 {¶ 27} According to R.C. 2929.14(C), "* * * [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." R.C. 2929.19(B)(2)(d) requires a trial court to "make a finding that gives its reasons for selecting the sentence imposed" if the sentence is for one offense and is the maximum term allowed for that offense, and requires a trial court to set forth its "reasons for imposing the maximum prison term."[20]
 {¶ 28} While we decline to remand this case for re-sentencing on res judicata grounds, we must point out that, under the specific facts of this case, the sentence was extremely harsh, but entirely appropriate if not lenient.[21] Sneed, after drinking to the point of excessive intoxication, reacquired his car keys after they had been taken away from him. He drove at high speed on West 130th Street into the intersection of West Boulevard, through a red light, impacting Mrs. Fair's car and causing two deaths and injuries of varying degree to five other people. He was on probation for a previous D.U.I. resulting in a car accident at the time of the crash.
 {¶ 29} The indisputable facts square completely with each of the requirements of R.C. 2929.14(E)(4)(a), (b) and (c), where, factually, only one of those sections is required to be met in order to justify the imposition of consecutive sentences for multiple crimes.
 {¶ 30} Of all crimes resulting in the loss of life or serious injury to its victims, no crime is more easily preventable than an offense related to drunk driving, and no harm is more unnecessarily, tragically destructive than death or serious injury carelessly caused by a drunk driver. There can be no dispute that the judge would have been justified in finding these counts of felonious assault to be the worst form of that offense, given the utter disregard for life or limb displayed by Sneed which resulted in the death and injuries he caused. As Sneed had a history of driving drunk and causing car accidents prior to July 5, 1997, the judge would have also been completely justified in finding that the maximum term of incarceration for felonious assault, or aggravated vehicular homicide, for that matter, was necessary because Sneed posed such a high likelihood of committing future, similar offenses.
 {¶ 31} While, in the case of a timely direct appeal, we must adhere to our duty to ensure that trial judges strictly comply with the sentencing statutes found at Chapter 2929 of the Revised Code,[22] such is not the case where the doctrine of res judicata intervenes to procedurally bar our review of assigned errors upon successive, identical post-conviction petitions. There is no injustice presented by the imposition of either maximum or consecutive sentences in this case which would otherwise justify setting aside Sneed's guilty pleas, conviction or sentence.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 {¶ 32} JAMES D. SWEENEY, P.J., CONCURS IN JUDGMENT ONLY WITHSEPARATE CONCURRING OPINION
 FRANK D. CELEBREZZE, JR., J., CONCURS
 {¶ 33} N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E), unless a motion for reconsideration with supporting brief, per App.R. 26(A) is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] State v. Sneed (Sep. 30, 1999), Cuyahoga App. No. 76250.
[2] Id.
[3] See App.R. 4(A).
[4] See App.R. 5(A).
[5] State v. Griffin (2001), 141 Ohio App.3d 551, 553, 752 N.E.2d 310
citing State v. Xie (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715.
[6] State v. Smith (1977), 49 Ohio St.2d 261, 264, 361 N.E.2d 1324.
[7] Id. at paragraph 1 of the syllabus.
[8] State v. Wynn (1998), 131 Ohio App.3d 725, 728, 723 N.E.2d 627
citing State v. Caraballo (1985), 17 Ohio St.3d 66, 477 N.E.2d 627.
[9] Focke v. Focke (1992), 83 Ohio App.3d 552, 615 N.E.2d 327.
[10] State ex rel. Schneider v. Kreiner (1998), 83 Ohio St.3d 203,699 N.E.2d 83.
[11] State v. Lintner, Carroll App. No. 732, 2001-Ohio-3360.
[12] State v. Wheeler, Montgomery App. No. 18717, 2002 Ohio 284.
[13] State v. Petro (1947), 148 Ohio St. 505, 36 Ohio Op. 165,76 N.E.2d 370, at the syllabus.
[14] See State v. Sneed, supra.
[15] {¶ a} As the Ohio Supreme Court observed in State v. Reynolds
(1997), 79 Ohio St.3d 158, 161, 1997-Ohio-304,
 {¶ b} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis added.)
 {¶ c} It is established that, pursuant to res judicata, a defendant cannot raise an issue in a motion for postconviction relief if he or she could have raised the issue on direct appeal. State v. Duling (1970), 21 Ohio St.2d 13, 50 Ohio Op.2d 40, 254 N.E.2d 670.
[16] (Sep. 30, 1999), Cuyahoga App. No. 76250. We further note that, while Sneed presented issues on appeal in Sneed I relative to the effective assistance of his trial lawyer, he did not appeal the trial judge's explicit denial of his sentencing claims on res judicata grounds, and this court, accordingly, did not comment on whether the judge complied with statute in handing down the sentence she did.
[17] R.C. 2929.14(E)(4).
[18] R.C. 2929.19(B)(2)(d); State v. Jones (2001), 93 Ohio St.3d 391,399, 754 N.E.2d 1252, 1260.
[19] R.C. 2953.08(G)(1)(a) and R.C. 2953.08(G)(1)(d).
[20] State v. Edmonson (1999), 86 Ohio St.3d 324, 328,1999-Ohio-110.
[21] Sneed could have been sentenced to five years imprisonment on each count of aggravated vehicular homicide, but was sentenced to only four.
[22] See State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556, holding, "It is not enough, as the state argues, that the record before the trial court "adequately supports" the imposition of consecutive sentences. Rather, as is apparent from the statutory language of R.C.2929.14(E)(4) and 2929.19(B)(2)(c), the trial court must make a record at the sentencing hearing that confirms that the trial court's decision-making process included all of the statutorily required sentencing considerations. See State v. Edmonson (1999), 86 Ohio St.3d 324,715 N.E.2d 131."