[Cite as *State v. Granberry*, 2025-Ohio-2854.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JERRY E. GRANBERRY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 CO 0004

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2022 CR 636

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino*, Columbiana County Prosecutor, *Atty. Danielle Menning* and *Atty. Steven V. Yacovone*, Assistant Prosecuting Attorneys, for Plaintiff-Appellee and

*Atty. Joseph C. Patituce* and *Atty. Catherine Meehan*, Patituce & Associates, LLC, for Defendant-Appellant.

Dated:  August 13, 2025

**HANNI, J.**

{¶1} Defendant-Appellant, Jerry E. Granberry, appeals from a Columbiana County Common Pleas Court judgment denying his petition for postconviction relief. Appellant raises two assignments of error asserting the trial court should have held a hearing on his petition and the court erred in finding that his petition was barred by the doctrine of res judicata. Because neither argument has merit, we must affirm the trial court's judgment.

{¶2} In the fall of 2022, East Palestine Police Detective Daniel Hauter posted an advertisement on an escort service/prostitution website posing as the mother in a mother-daughter for hire advertisement. Appellant made contact with the detective who informed Appellant that "her daughter" was only 15. Appellant responded that he was okay with this and made arrangements to meet the mother and daughter for "full service" for $180, meaning vaginal and oral sex. Appellant arrived at the agreed-upon location in East Palestine where he was arrested by members of Detective Hauter's team.

{¶3} On February 8, 2023, a Columbiana County Grand Jury indicted Appellant on charges of compelling prostitution, a third-degree felony; attempted unlawful sexual conduct with a minor, a fourth-degree felony where the offender is 10 or more years older; engaging in prostitution, a first-degree misdemeanor; possession of criminal tools, a fifth-degree felony where the device is intended for use in a felony; and importuning, which was dismissed by Plaintiff-Appellee, the State of Ohio, prior to trial.

{¶4} The matter proceeded to a bench trial on August 23, 2023, where the court found him guilty as charged. The trial court then sentenced Appellant to 15 months in prison for attempted unlawful sexual conduct with a minor and lesser concurrent sentences on the other offenses. Appellant filed an appeal with this Court raising four assignments of error challenging the sufficiency of the evidence on various elements of the offenses. We found no merit with Appellant's arguments and affirmed the trial court's judgment on January 15, 2025. *See State v. Granberry*, 2025-Ohio-199 (7th Dist.).

{¶5} On December 23, 2024, while his direct appeal was pending, Appellant, acting pro se, filed a postconviction petition.

Case No. 25 CO 0004

**{¶6}** In his first claim in the petition, Appellant asserted the State did not provide him with all of the evidence. He claimed that the body-camera video from his arrest showed that more money was taken from him than what was reported and that the officers took his medication during the search. And he claimed that on the video, one of the arresting officers can be seen tampering with the evidence. He also took issue with the fact that Det. Hauter filed the police report although he was not one of the arresting officers. The petition itself was a form where a petitioner could simply fill in the blanks. There is a section titled, "The following evidence and/or affidavits are attached to support the claim." Appellant left this space blank. However, he did attach a copy of what appears to be a police report from his case.

**{¶7}** In his second claim in the petition, Appellant asserted that Det. Hauter had "credibility issues" and had some sort of conviction dated "August 16" that the State failed to disclose to him. He also claimed the detective made a report although he was not present and that he left out body-camera footage. Once again, Appellant left blank the section where the petitioner is to list or attach supporting evidence or affidavits. He did attach an internet printout titled "Brady List".

**{¶8}** The trial court waited until after this Court disposed of the direct appeal before ruling on Appellant's petition. The trial court first noted that it was under no obligation to even rule on the petition because Appellant had filed it pro se, even though he was represented by counsel. The court explained that "hybrid" representation was not permitted under the law. Nonetheless, the court went on to address the merits of the petition. It found that while Appellant seemed to rely on claimed discovery and/or *Brady* violations, Appellant failed to produce any evidence demonstrating sufficient operative facts to show a cognizable claim of constitutional error. Moreover, the court found the petition was barred by the doctrine of res judicata. It noted that at all times Appellant was represented by competent counsel both at the trial and appellate level. The court found that Appellant could have raised the claims he asserted in the petition before trial or in his direct appeal. It further pointed out that Appellant did not include any evidence outside of the record with his petition. Based on these reasons, the trial court denied Appellant's petition.

{¶9} Appellant filed a timely notice of appeal on February 26, 2025. He now raises two assignments of error for our review.

{¶10} Appellant's first assignment of error states:

THE TRIAL COURT ERRED IN DENYING APPELLANT'S PETITION FOR POSTCONVICTION RELIEF WITHOUT A HEARING WHERE APPELLANT'S POSTCONVICTION PETITION STATED A SUBSTANTIVE GROUND FOR RELIEF BASED ON A *BRADY* VIOLATION AND PROVIDED EVIDENCE THAT IF TRUE CONSTITUTED A PRIMA FACIE CASE THAT HE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL.

{¶11} In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

{¶12} Here, Appellant vaguely contends the State failed to disclose favorable evidence to him in violation of his due process rights. He cites to case law dealing with the prosecution's duty to disclose. And he claims that the attachments to his petition support his claim. Appellant asserts the court should have held a hearing on his petition.

{¶13} An appellate court reviews a trial court's denial of a petition for postconviction relief under an abuse of discretion standard. *State v. Gondor*, 2006-Ohio-6679, ¶ 58. Abuse of discretion connotes more than an error of judgment; it implies the trial court acted arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶14} A postconviction petitioner is not automatically entitled to a hearing. *State v. Cole*, 2 Ohio St.3d 112 (1982). Before granting an evidentiary hearing on the petition, the trial court shall determine whether there are substantive grounds for relief. R.C. 2953.21(C). The trial court's decision of whether to hold an evidentiary hearing in postconviction matters is reviewed for abuse of discretion. *State v. Haschenburger*, 2009-Ohio-6527, ¶ 43 (7th Dist.).

{¶15} R.C. 2953.21(F) provides in relevant part: "Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending."

{¶16} In this case, the trial court did not abuse its discretion in finding that the petition and the record failed to show Appellant is entitled to relief.

{¶17} Significantly, Appellant did not identify what favorable evidence the State failed to provide to him. Without knowing what evidence Appellant claims the State deprived him of, we cannot evaluate his claim. Appellant attached two "documents" to his petition. He did not attach any affidavits in support.

{¶18} The first attachment is a partial printout of his incident report from the East Palestine Police Department. It lists the charges against Appellant, the items seized from him, and the detective's name.

{¶19} The second attachment is an internet printout titled "Brady List." This printout is from a website that claims: "The Ohio Brady List includes all known issues of police misconduct, do not call status, decertification, public complaints, use-of-force reports, and citizen reports. *This information has been curated by journalists and private citizens*; and, this platform is available as-a-service to all Peace Officer Standards & Training [POST] Departments, Prosecutors, and Law Enforcement Organizations [LEOrgs]." (Emphasis added); Brady List, https://giglio-bradylist.com/ohio/ohio-department-public-safety (accessed July 9, 2025). On one of the pages Appellant attached, it lists Det. Hauter's name. On the next page, which does not contain the detective's name, it states the date August 16, 2023, a "public complaint" number, and lists "Abuse of Authority, Detention, Criminal Behavior, False Arrest, False Statements, Illegal Search, Misconduct, Inventory Procedures, Misuse of Department Records". Appellant's trial took place a week later, on August 23, 2023.

{¶20} Appellant's petition does not assert substantive grounds for relief as is required for the trial court to hold a hearing. Appellant did not attach an affidavit explaining anything about the internet printout. It is nothing more than a piece of paper Appellant printed from a seemingly random website. He also did not include any specific information as to what "favorable" evidence was allegedly known by the prosecution prior to trial. The petition, the files, and the records of the case instead show Appellant is not entitled to

relief.  As will be discussed in detail in Appellant's second assignment of error, Appellant did not raise any issue in his postconviction petition that he was not aware of prior to trial and his direct appeal.

**{¶21}**  Accordingly, Appellant's first assignment of error is without merit and is overruled.

**{¶22}**  Appellant's second assignment of error states:

THE TRIAL COURT ERRED IN SHIFTING THE BURDEN OF PROOF FROM THE STATE TO THE DEFENDANT IN FINDING THAT *RES JUDICATA* BARRED APPELLANT'S CLAIMS AS THE STATE FAILED TO OFFER ANY EVIDENCE OR EVEN ARGURMENT [sic] AS TO WHICH, IF ANY, CLAIM COULD HAVE BEEN RAISED IN DIRECT APPEAL.

**{¶23}**  Appellant argues the trial court erred in finding that he had the burden regarding res judicata.  He asserts the burden was on the State to raise the issue and to affirmatively demonstrate that the claims were barred.  Appellant claims the State failed to raise res judicata in its response to his petition and therefore the trial court should not have applied this doctrine.

**{¶24}**  The doctrine of res judicata provides that any issue that could have been raised on direct appeal, and was not, is barred in later proceedings and not subject to review.  *State v. Saxon*, 2006-Ohio-1245, ¶ 16.

**{¶25}**  Appellant contends the State did not argue res judicata in its response to his petition.  This contention is unfounded.

**{¶26}**  While it is true that the State did not use the words "res judicata" in its response to Appellant's postconviction petition, it specifically asserted:  "[T]he Defendant has failed to set forth any constitutional issue beyond the record of this case.  It is well settled that issues that could have been raised on direct appeal cannot be raised in a postconviction petition.  *State v. Reynolds* (1997), 79 Ohio St.3d 158, 161; *State v. Perry* (1967), 10 Ohio St.2d 175, 180."  Thus, the State argued the doctrine of res judicata applied without referring to it by name.

**{¶27}**  Moreover, the case citations to which the State refers discuss the doctrine of res judicata.  In *Reynolds*, at 161, the Ohio Supreme Court stated:

Case No. 25 CO 0004

Because Reynolds's motion was a petition for postconviction relief, we also find that it is barred by *res judicata*. In *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, at the syllabus, we held:

"Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or *could have been raised* by the defendant at trial, which resulted in that judgment of conviction, or *on an appeal* from that judgment." (Emphasis added.)

It is established that, pursuant to res judicata, a defendant cannot raise an issue in a motion for postconviction relief if he or she could have raised the issue on direct appeal. *State v. Duling* (1970), 21 Ohio St.2d 13, 50 O.O.2d 40, 254 N.E.2d 670.

(Emphasis sic).

{¶28} Thus, the State clearly raised the issue of res judicata in its response to Appellant's petition.

{¶29} Moreover, the issues Appellant attempted to raise could have been raised at trial or in his direct appeal. Appellant stated in his petition that he watched the body-camera footage. Appellant would have known the amount of money the police stated they seized from him, would have known if they seized medication from him, and he would have known that Det. Hauter was not one of the arresting officers. Appellant also argued Det. Hauter had "credibility issues." In support of this argument, he pointed to a complaint on a website allegedly posted a week before his trial and to the fact that although Det. Hauter was the investigating officer, he was not the arresting officer. Again, all of these matters would have or could have been known to Appellant prior to trial and prior to his direct appeal.

{¶30} Thus, the trial court properly dismissed Appellant's postconviction petition based on res judicata.

**{¶31}** Accordingly, Appellant's second assignment of error is without merit and is overruled.

**{¶32}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Robb, P.J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**